IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| DENNIS FLORER, #A6070275 | ) | CIV. NO. 15-00225 DKW-BMK |
| | ) | |
| Petitioner, | ) | ORDER DISMISSING PETITION |
| | ) | WITHOUT PREJUDICE AND |
| vs. | ) | DENYING CERTIFICATE OF |
| | ) | APPEALABILITY |
| MICHAEL HOFFMAN, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

## ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING CERTIFICATE OF APPEALABILITY

Before the court is Dennis Florer's Petition for Writ of Habeas Corpus

brought pursuant to 28 U.S.C. § 2241 ("Petition"). Florer is a pre-trial detainee

awaiting prosecution in the Circuit Court of the First Circuit, State of Hawaii

("circuit court"). Florer was incarcerated at the Oahu Community Correctional

Center ("OCCC") when he filed this Petition, but he is now temporarily committed

to the custody of the Director of the Department of Health, and is housed in the

Hawaii State Hospital pending a court-ordered mental health examination. *See*

Resp't Notice, Doc. No. 11. Florer alleges that his court-appointed attorney,

Venetia Carpenter-Asui, Esq., is ineffective and that circuit court Judge Christine

E. Kuriyama is biased against him.

The Office of the Prosecuting Attorney for the City and County of Honolulu has filed an Answer to the Petition and Florer has filed a Reply. *See* Doc. Nos. 9, 12 . For the following reasons, the Petition is DISMISSED and a certificate of appealability ("COA") is DENIED.

## I. BACKGROUND

On February 5, 2014, Florer was charged with two misdemeanor counts of Assault in the Third Degree and one misdemeanor count of Terroristic Threatening in the Second Degree, in violation of Hawaii Revised Statutes ("HRS") §§ 707-0712(1)(a) & 707-717(1), respectively.[1] On February 11, 2014, after Florer made a jury trial demand, the case was transferred from the district to the circuit court for trial. *See* http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm ("Ho`ohi`ki"), *State v. Florer*, 1PC14-1-000229, Dkt. #1.

At Florer's March 31, 2014 arraignment and plea, the deputy public defender ("DPD") sought a continuance for discovery and requested that the time be charged to the State. Answer, Ex. A, Doc. No. 9-1, PageID #156. The circuit court continued the hearing until April 14, 2014, but reserved ruling on who would

---

[1]Section 707-712(1) & (2) defines third degree assault as "[i]ntentionally, knowingly, or recklessly caus[ing] bodily injury to another person."

Section 707-717(1) & (2) defines second degree terroristic threatening as "terroristic threatening other than as provided in section 707-716." *See also In re PP*, 325 P.3d 647, 651 (Haw. App. 2014).

be taxed the exclusion of time. *Id.*, PageID #157.  On April 14, 2014, the circuit court denied the DPD's renewed request for a continuance and released Florer on his own recognizance. *Id.*

On May 12, 2014, the circuit court granted the DPD's motion for a continuance and waiver of speedy trial rights under Rule 48 of the Hawaii Rules of Penal Procedure ("HRPP") over the State's objection and continued trial until August 25, 2014. *Id.*; *see also* Rule 48 (enumerating excludable and includable periods allowed for commencement of trial).

On August 11, 2014, the circuit court granted the DPD's request for a two-month continuance to resolve the case and to seek an interim health/anger management assessment, with Florer's approved Rule 48 speedy trial waiver. *Id.*, PageID #158-59.  The DPD clarified he was not seeking an HRS § 704-404 fitness/penal responsibility examination. *Id.*  The circuit court vacated the trial date and set a status hearing for October 27, 2014. *Id.*, PageId #159.

On October 27, 2014, after questioning Florer, the circuit court granted the DPD's motion to withdraw, appointed Carpenter-Asui as substitute counsel, and set a status hearing for December 8, 2014. *Id.*, PageID #159; Ex. B, Doc. No. 9-2, PageID # 170.

Florer states that he first encountered Judge Kuriyama, Carpenter-Asui, and Deputy Prosecuting Attorney ("DPA") Nicholas Lee on December 8, 2014.  Pet., Doc. No. 1, PageId # 6.  Carpenter-Asui requested a continuance to familiarize herself with the case and to allow Florer to review his case file to decide whether to proceed to trial or change his plea.  Answer, Ex. A, Doc. No. 9-1, PageID #159.  Florer orally agreed to waive his Rule 48 speedy trial rights.  *Id.*  Florer says he "informed Carpenter-Asui that this case is going to trial" because the state's case was weak and the alleged victim and witness were not credible.  Pet., Doc. No. 1, PageID #6.  Judge Kuriyama reset trial for February 17, 2015 and excluded this period from Rule 48 calculations.  Answer, Ex. A, Doc. No. 9-1, PageID #159-60.

The State then moved to revoke Florer's release based on his past criminal history, probability of flight risk,[2] and a newly-issued three-year Injunction issued against him for harassment of the former DPA assigned to the case, Ashley M. Tanaka.  *Id.*; *see also* Resp't Ex. I, Hr'g Tr. 5:5-6:12, 7:11-8:1-8, Dec. 8, 2014, Doc. No. 9-9; Resp't Ex. J, Doc. No. 9-10, PageID #258-68 (request for and order granting restraining order) (entered Dec. 4, 2014)).

---

[2]The State alleged the U.S. Marshal had letters that Florer wrote to federal judges in Washington State suggesting he was returning to Washington.  Resp't Ex. I, Tr. of 12/08/2015 hearing, Doc. No. 9-9.  The State now concedes the letters show Florer's delusional obsession with Tanaka, rather than an intent to return to Washington.  *See* Resp't Ex. K, Doc. No. 9-11, PageId #269-75.

Over Carpenter-Asui's strenuous objections, *see* Resp't Ex. I, Hr'g Tr. 6:14-7:1,6:20-7:1, 8:9-16, Judge Kuriyama granted the State's motion and set bail at $20,000. *Id.*, Tr.10:21-23. Judge Kuriyama based her decision on concern over Florer's "recent actions regarding [DPA Tanaka], [and] with respect to what the U.S. Marshals has informed [the prosecutor's] office of with respect to [Florer's] connection to Washington state." *Id.*, Tr. 10:14-19.

At the February 2, 2015 trial call, the State declared it was ready to proceed, the State and Carpenter-Asui agreed that Rule 48's speedy trial date would expire on April 21, 2015, and Carpenter-Asui indicated she would move for a mental health examination of fitness to proceed pursuant to HRS § 704-404.[3] Resp't Ex. A, PageID #161. Florer alleges that Carpenter-Asui sexually assaulted him in the courtroom at some point.[4] *See* Pet., Doc. No. 1, PageID #8-9; Doc. No. 1-3, PageID #81-82. He further claims that Carpenter-Asui told him Judge Kuriyama instructed her to file the § 704-404 motion and ordered her to provide him no

---

[3]Section 704-404 provides that the court may suspend criminal proceedings and appoint an examiner or panel of examiners once an enumerated triggering event occurs. The trial court "is duty bound to *sua sponte* convene a . . . hearing if it itself has or is presented with rational basis for believing that the physical or mental defect of a defendant will become an issue on the question of fitness or responsibility." *State v. Castro*, 5 P.3d 444, 452, 93 Haw. 454, 462 (Haw. App. 2000).

[4]Circuit court minutes show, however, that Florer was not present at court that day. *See* Answer, Resp't Ex. A, PageID #161 ("Present were DPA Nicholas Lee & Ms. Venetia Carpenter-Asui for Deft (Custody))."

advice regarding § 704-404.

On February 17, 2015, the circuit court received and filed Florer's pro se motion to withdraw counsel, in which he first alleged that Carpenter-Asui assaulted him at the February 2, 2015 trial call conference.  *See* Pet'r Ex. A, Doc. No. 1-3, PageID 79-85 (dated Feb. 4, 2015).  At the hearing, Carpenter-Asui moved for a fitness to proceed and penal responsibility examination pursuant to § 704-404, after a recorded bench conference.  Resp't Ex. A, PageID #161.  Judge Kuriyama orally granted the motion and ordered a qualified examiner ("1-panel") "to examine and report upon the physical and mental condition of the defendant." HRS § 704-404(2).  Judge Kuriyama then set a status conference for May 18, 2015.  Resp't Ex. A, PageID #161.

On March 5, 2015, Florer's notice of appeal and objections regarding Judge Kuriyama's oral order granting Carpenter-Asui's § 704-404 motion was filestamped.  *See* Ho`ohi`ki, *State v. Florer*, 1PC14-1-000229, Dkt. #28.[5]  The appeal was docketed in the Intermediate Court of Appeals ("ICA") on March 19, 2015.  Pet., Ex. E, Doc. No. 1-7.

---

[5]Florer also filed letters, objections, motions to strike the § 704-404 exam and withdraw his jury trial demand, and notices of hearing.  Ho`ohi`ki, Dkt. #25, 27-30, 35-38, 41-43, 45-48.

On April 20, 2015, Judge Kuriyama issued her written Order Granting Motion for Mental Examination to Determine Defendant Dennis Scott Florer's Fitness to Proceed and Penal Responsibility. *Id.*, Dkt. #53 & 55 (amended order issued May 21, 2015); Resp't Ex. F, Doc. No. 9-6.

At the May 18, 2015 status conference, Florer stated that he (1) would not cooperate with a § 704-404 examination; (2) did not assert such a motion; and wanted (3) Judge Kuriyama to recuse; (4) Carpenter-Asui to withdraw; and (5) to withdraw his jury demand for remand to the district court. *See* Resp't Ex. D, Doc. No. 9-4, PageID #182-83. Judge Kuriyama informed Florer that the court could not address his motions until the § 704-404 examination was completed. She scheduled a second hearing for August 10, 2015. *Id.*, PageID #182-84.

On June 8, 2015, the ICA dismissed Florer's appeal for lack of jurisdiction, because it was filed before Judge Kuriyama issued a written order, *see* Rule 4(b)(3) of the Hawaii Rules of Appellate Procedure ("HRAP"), and otherwise lacked statutory authority. *See State v. Florer*, No. CAAP-15-0000177, 2015 WL 3649457, at *1 (Haw. App. June 8, 2015).

On June 12, 2015, Florer filed the present Petition. He alleges Carpenter-Asui was ineffective for (1) failing to challenge the circuit court's revocation of his release on December 8, 2014; (2) sexually assaulting him at the February 2, 2015

7

status hearing; (3) moving for a § 704-404 examination without consulting him or explaining its bases; (4) preparing an Order for the court granting the § 704-404 Motion; and (5) failing to move for dismissal under Rule 48 for speedy trial right violations.  *See* Pet., Doc. No. 1., PageId #4-11 (Ground One).

Florer further alleges that Judge Kuriyama is biased against him because she revoked his release and set bail, ordered a § 704-404 mental health evaluation, stayed the case until the examination is complete, and refused to address his pro se motions.  *Id.*, PageID #12-16 (Ground Two).

On July 2, 2015, Florer filed a petition for writ of mandamus with the Hawaii Supreme Court seeking Judge Kuriyama's recusal.  *See* Resp't Ex. H, Doc. No. 9-8.  The supreme court denied the petition on August 6, 2015.  *See* Resp't Notice, Doc. No. 10, App. A, Doc. No. 10-1.

At the August 10, 2015 status hearing, Judge Kuriyama temporarily committed Florer to the custody of the Director of Health so that the § 704-404 examination could be completed.  *See* Resp't Notice, Doc. No. 11.  A hearing is set for September 8, 2015 to determine Florer's fitness to proceed and penal responsibility, adjudicate his motions to withdraw his jury demand and remand to the district court, and to reset the trial week date.  *Id.*

Florer seeks dismissal of the § 704-404 mental health examination, release on his own recognizance, Judge Kuriyama's recusal, Carpenter-Asui's withdrawal, and remand to the district court for proceedings on his misdemeanor charges.  Pet., Doc. No. 1, PageID #16, #19.

## II.  LEGAL STANDARDS

Title 28 of the United States Code, section 2241(c)(3) provides that "the writ of habeas corpus [extends to persons who are] . . . in custody in violation of the Constitution or laws or treaties of the United States."  A state pretrial detainee may challenge his incarceration under § 2241 only under certain conditions.  *McNeeley v. Blanas*, 336 F.3d 822, 824 n.1 (9th Cir. 2003) (granting the writ on speedy trial claims after a trial delay of nearly five years and petitioner's exhaustion of his claims).  That is, "federal habeas relief does not lie, absent 'special circumstances,' to adjudicate the merits of an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court."  *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489 (1973) (discussing speedy trial rights claims).

In *Carden v. Montana*, the Ninth Circuit explained that for reasons of comity, a pretrial detainee must show special circumstances, in addition to the merits of a speedy trial claim, to warrant federal intervention in state criminal proceedings and noted that "unlike the Double Jeopardy Clause, the Speedy Trial

Clause, when raised as an affirmative defense, does not embody a right which is necessarily forfeited by delaying review until after trial." 626 F.2d 82, 83-85 (9th Cir. 1980); *accord Brown v. Ahern*, 676 F.3d 899, 900-01 (9th Cir. 2012).

In *Brown*, the Ninth Circuit clarified:

> the rule of this circuit is that abstention principles generally require a federal district court to abstain from exercising jurisdiction over a habeas petition in which the petitioner raises a claim under the Speedy Trial Clause as an affirmative defense to state prosecution. The only exceptions are "cases of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction," or "in other extraordinary circumstances where irreparable injury can be shown."

676 F.3d at 903 (quoting *Carden*, 626 F.2d at 84).

Absent such special or extraordinary circumstances, the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 43-54 (1971), prevents a federal court from directly interceding in ongoing state criminal proceedings, including through the state appellate process after conviction. *See New Orleans Pub. Serv., Inc. v. Council of City of New Orleans*, 491 U.S. 350, 369 (1989). Special or extraordinary circumstances include when a prisoner alleges that he is being subjected to double jeopardy, *see Mannes v. Gillespie*, 967 F.2d 1310, 1312 (9th Cir. 1992), or allegations of speedy trial violations when the pretrial detainee (1) seeks to compel the state to *bring* him to trial, rather than simply dismiss the charges, and (2) *has exhausted* all of his state court remedies. *Braden*, 410 U.S. at

10

489-90 (emphasis added). The Ninth Circuit, however, has "specifically rejected . . . the argument that a claimed violation of the Speedy Trial Clause was sui generis such that it sufficed in and of itself as an independent 'extraordinary circumstance' necessitating pre-trial habeas consideration." *Brown*, 676 F.3d at 901 (citing *Carden*, 626 F.2d at 84).

Absent special, extraordinary circumstances and exhaustion, *Younger* abstention is mandatory if:

> (1) a state-initiated proceeding is ongoing; (2) the proceeding implicates important state interests; (3) the federal plaintiff is not barred from litigating federal constitutional issues in the state proceeding; and (4) the federal court action would enjoin the proceeding or have the practical effect of doing so, i.e., would interfere with the state proceeding in a way that *Younger* disapproves.

*San Jose Silicon Valley Chamber of Commerce Political Action Comm. v. City of San Jose*, 546 F.3d 1087, 1092 (9th Cir. 2008).

## III. DISCUSSION

Respondent argues that, because Florer failed to exhaust his state judicial remedies concerning any of his claims, the Petition must be dismissed. Although Respondent does not explicitly address or waive the propriety of *Younger* abstention, the court has discretion to do so. *See Coleman v. Ahlin*, 542 Fed. App'x 549, 550-51 (9th Cir. 2013) (observing that the court may abstain under *Younger* unless the state expressly waives its application). In the alternative,

11

Respondent argues that Florer's claims are wholly without merit.

Florer counters that the circumstances of his case support the "special circumstances" exception to the *Younger* abstention doctrine, as set forth in *Braden*, 410 U.S. at 489, and that he has fully exhausted his claims.

**A.     The Petition Fails to State a Claim**

Florer fails to raise a federal constitutional claim under the Speedy Trial Clause of the Sixth Amendment in his Petition or briefs in support, which is the only possible basis for an exception to the *Younger* abstention doctrine here.  *See* U.S. Const. amend VI; *see also Braden*, 410 U.S. at 491 (discussing exception to *Younger* abstention when a petitioner raises an exhausted federal speedy trial claim that seeks immediate adjudication rather than dismissal of his charges).  Rather, Florer alleges only that Carpenter-Asui was ineffective because she failed to raise a speedy trial claim under HRPP 48 in the state court.  Nor does he raise any other federal claims in this Petition.  Florer therefore fails to state a claim for a "violation of the Constitution or laws or treaties of the United States" based on speedy trial violations sufficient to invoke federal jurisdiction or defeat *Younger* abstention, or on any other basis.  28 U.S.C. § 2241(c)(3).  Moreover, as discussed below, granting Florer leave to amend would be futile.

### B.   Florer's Claims are Unexhausted

Even if Florer amended his Petition to state federal claims, it is subject to dismissal.  To properly exhaust state remedies a petitioner must invoke one complete round of the state's established appellate review process, fairly presenting all constitutional claims to the state courts so that they have a full and fair opportunity to correct alleged constitutional errors at each level of appellate review.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 842, 845 (1999).  Although a petitioner *may* seek certiorari from any ICA decision to the Hawaii Supreme Court, such review is unnecessary to fully exhaust Hawaii state remedies under Hawaii law.  *See* Hawaii Rule of Appellate Procedure ("HRAP") 40.3; *Swoopes v. Sublett*, 196 F.3d 1008 (9th Cir. 1999).  Proper exhaustion to the ICA is sufficient to exhaust.

The mere similarity between a federal claim and a state law claim, without more, does not satisfy the requirement of fair presentation.  *See Duncan v. Henry*, 513 U.S. 364, 365–66 (1995).  General references in state court to broad constitutional principles, such as due process, equal protection, or the right to a fair trial, are insufficient.  *See Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).  For proper exhaustion, a petitioner must bring his federal claim before the state court by "explicitly" citing the federal legal basis for his claim, "regardless of

13

whether the petitioner [is] proceeding pro se." *Lyons v. Crawford*, 232 F.3d 666, 669 (9th Cir. 2000), *as amended*, 247 F.3d 904 (9th Cir. 2001) (emphasis omitted).

### 1.    Florer's Uncertified Interlocutory Appeal to the ICA And Petition for Mandamus Were Insufficient to Exhaust

Liberally construing Florer's Petition as asserting federal speedy trial or other federal claims, his claims are unexhausted.  First, Florer's notice of appeal and objections neither explicitly nor implicitly raised *any* federal claim to the ICA, but were primarily confined to objections to Judge Kuriyama's Order granting Carpenter-Asui's motion for a § 704-404 fitness to proceed and penal responsibility examination.  *See* Resp't Suppl., Ex. A, Objections and Notice of Appeal, Doc. No. 14-1, PageID #344-47.  Florer raised no specific state or federal speedy trial violation claim, but only tangentially mentioned "tolling of Rule 48."

Second, the ICA dismissed Florer's uncertified interlocutory appeal for lack of jurisdiction under HRAP 4(b)(3) because it sought relief on a non-appealable oral order, and for lack of statutory authority to appeal the § 704-404 examination order.  *See Florer*, 2015 WL 3649457, at *1; *see also State v. Bulgo*, 370 P.2d 480, 482 (1962) ("A notice of appeal designating an oral order is nugatory.") (internal quotation marks omitted).  The merits of Florer's claims were never addressed or adjudicated.

Third, rather than renewing his appeal to the ICA based on Judge

Kuriyama's April 20, 2015 written Order, or seeking certiorari with the Hawaii

Supreme Court on the ICA decision, Florer chose to petition for a writ of

mandamus.  Florer filed his mandamus petition on July 2, 2015, *after* he

commenced the present action, however, and it was decided nearly two months

later, on August 6, 2015.  It therefore did not exhaust his already pending claims in

the present Petition.  And, although Florer's mandamus petition raised a denial of

counsel claim under the Sixth Amendment and a Fourteenth Amendment Due

Process claim, it raised no federal speedy trial claims, which is the only basis for

an exception to *Younger* abstention here.

Moreover, in Hawaii, a writ of mandamus is considered -

> an extraordinary remedy that will not issue unless the petitioner
> demonstrates a clear and indisputable right to relief and a lack of
> alternative means to redress adequately the alleged wrong or obtain
> the requested action.  Such writs are not intended to supersede the
> legal discretionary authority of the lower courts, nor are they intended
> to serve as legal remedies in lieu of normal appellate procedures.

*Kema v. Gaddis,* 982 P.2d 334, 338-39 (1999); *Slavick v. Ahn*, 2013 WL 1131618,

at *1 (Haw. Mar. 19, 2013); *Conner v. Crandall*, 2010 WL 3611950, at *1 (Haw.

Sep. 16, 2010).  The Hawaii Supreme Court routinely dismisses mandamus

petitions on this basis, as it did with Florer's, finding that he had alternative means

to raise his claims through proper appellate channels.  *See Florer*, SCPW-15-

15

0000500 (Haw. Aug. 6, 2015), Doc. No. 10, App. A; *see also Sweet v. Cupp*, 640

F.2d 233 (9th Cir. 1981) (state prisoner's habeas petition was insufficient to satisfy

exhaustion when he had an alternative remedy in the lower state court and in light

of Oregon Supreme Court's long-standing policy of declining to exercise original

jurisdiction in such circumstances).

Florer's notice of appeal to the ICA, petition for writ of mandamus, and the

state court rejections of these petitions clearly demonstrate that neither his vague

state speedy trial claim nor any of his other claims in the Petition were exhausted.

### 2.      *Procedural Default*

Because *Younger* abstention is appropriate, *see infra*, the court need not

determine whether Florer's speedy trial or other claims are procedurally barred.

*See Coleman v. Ahlin,* 542 Fed. App'x 549, 552 (9th Cir. 2013) (declining to

address procedural bar when speedy trial claims are unexhausted).  It is clear,

however, that Florer fails to show an adequate legal cause for his default *and*

prejudice arising from the default, or actual innocence (meaning that a miscarriage

of justice will occur if his claim is not heard in federal court).  *See Murray v.

Carrier*, 477 U.S. 478, 488 (1986); *Schlup v. Delo*, 513 U.S. 298, 329 (1995).  The

only legal cause for Florer's procedural bar in state court was his own failure to

wait until a written order was issued before appealing.  He is not prevented from

properly raising his claims according to state law.  Without cause the court need

not determine prejudice.  And Florer does not argue actual innocence or show

possible irreparable injury, but seeks remand to the state district court for his

criminal charges to proceed.[6]

## C.    Younger Abstention is Required

Florer's claims, including his speedy trial claims, are unexhausted.  The

record does not show "proven harassment or prosecution[] undertaken in bad faith

without hope of obtaining a valid conviction" or any other extraordinary

circumstances.  *Carden*, 626 F.2d at 84; *Brown*, 676 F.3d at 903.

There is a state-initiated criminal proceeding ongoing, with a hearing

scheduled for September 8, 2015 to address Florer's fitness to proceed, his claims

for withdrawal of counsel, and request to remand to the district court.  These

criminal proceedings clearly implicate important state interests, such as protection

of the public, and fair adjudication of his criminal charges.  Florer is not barred

from litigating federal constitutional issues in the Hawaii state courts.  To the

contrary, he has had appointed counsel throughout his criminal case who are

capable of raising such issues before, during, and after trial.  Florer alleges no

---

[6]Florer complains that, because his charges are misdemeanors, he may be in custody
longer than the year that can be imposed on a misdemeanor.  This claim is unavailing because he
(1)  could face three consecutive one-year terms if convicted of his three charges; and (2)
contributed to any delay by refusing to cooperate with the fitness to proceed examination.

proven harassment and his prosecution is proceeding with the clear intent of

obtaining a valid conviction.  Finally, granting relief here would certainly enjoin,

and consequently interfere, with the state court's proceeding in contravention of

the abstention doctrine set forth in *Younger*.

## IV.  CONCLUSION

Florer's claims are unexhausted, and he fails to show extraordinary

circumstances.  *Younger* abstention applies, and the Petition is DISMISSED

without prejudice.

Whether Florer requires a COA is "an open question in this circuit,"

*McNeely*, 356 F.3d at 1065 n.9.  *See e.g.*, *Mackenzie v. Holder*, 2013 WL 8291434,

at * (C.D. Cal., Nov. 27, 2013) (listing cases discussing whether a COA is required

for a state pretrial detainee).  To the extent it is required, a COA may issue only if

"the prisoner shows, at least, that jurists of reason would find it debatable whether

the petition states a valid claim of the denial of a constitutional right."  *Slack v.

McDaniel*, 529 U.S. 473, 484 (2000); *see also Henry v. Ryan*, 720 F.3d 1073, 1085

(9th Cir. 2013).  Reasonable jurists could not disagree that *Younger* abstention is

warranted here, or that Florer's claims should be dismissed without prejudice.  Any

request for a certificate of appealability is DENIED.

The Clerk of Court is directed to terminate this action.

IT IS SO ORDERED.

DATED: September 8, 2015 at Honolulu, Hawai'i.



_____
Derrick K. Watson
United States District Judge

_____
*Dennis Florer vs. Michael Hoffman* DKW-BMK; Civil No. 15-00225 DKW-BMK;
ORDER DISMISSING PETITION WITHOUT PREJUDICE AND DENYING
CERTIFICATE OF APPEALABILITY

J:\PSA Draft Ords\DKW\Florer 15-225 DKW (2241 pre-tr. spdy tr.).wpd